```
             IN THE UNITED STATES DISTRICT COURT
          FOR THE WESTERN DISTRICT OF PENNSYLVANIA


RUFUS OLIVER,                   )
                                )
      Plaintiff,                )
                                )
       v.                       )    Civil Action No. 04-159J
                                )    Judge Kim R. Gibson
STATE CORRECTIONAL              )    Magistrate Judge Caiazza
INSTITUTION AT HOUTZDALE,       )
et al.,                         )
      Defendants.               )
```

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

**I. RECOMMENDATION**

It is respectfully recommended that the Defendants' Motion to Dismiss Complaint be granted and that the Plaintiff's Motion for Leave to Amend Complaint and Motion to Compel Production of Documents both be denied.

**II. REPORT**

The Plaintiff, Rufus Oliver, III ("the Plaintiff" or "Oliver"), is a prisoner confined at the State Correctional Institution at Houtzdale, Pennsylvania ("SCI-Houtzdale"). He commenced this civil rights action against individuals employed at SCI-Houtzdale alleging that the Defendants violated his rights as protected by the Eighth Amendment of the United States Constitution.  For the reasons that follow, the Defendants' Motion to Dismiss should be granted because the Plaintiff has failed to state a claim upon which relief may be granted.

**A. Standard of Review**

The Defendants have filed a Motion to Dismiss Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). A motion to dismiss cannot be granted unless the court is satisfied "that no relief could be granted under any set of facts that could be proved consistent with the allegation." *See* Hishon v. King & Spalding, 467 U.S. 69, 73 (1984); Conley v. Gibson, 355 U.S. 41 (1957). The issue is not whether a plaintiff will prevail at the end but only whether he or she should be entitled to offer evidence to support his or her claim. *See* Neitzke v. Williams, 490 U.S. 319 (1989); Scheuer v. Rhodes, 416 U.S. 232, 236 (1974). The complaint must be read in the light most favorable to a plaintiff and all well-pleaded, material allegations in the complaint must be taken as true. *See* Estelle v. Gamble, 429 U.S. 97 (1976).

**B.   The Plaintiff's Allegations**

Oliver claims that in January of 2004, as he was entering the education department building through the north side security door to visit the law library, he was unable to stop the 120 pound door from slamming on him because it was not equipped with a regular door handle. According to the Plaintiff, the door closed and the locking latch mechanism caught on his coat and almost trapped his left hand in the door. He immediately informed Correctional Officer Spangle, who observed Oliver's ripped coat. Officer Spangle informed the Plaintiff that he would contact the appropriate maintenance personnel, J.D. Graughbach. In February of 2004, a similar incident occurred at the same door and once

again the Plaintiff informed Officer Spangle. On February 24, 2004, the Plaintiff sent a Request Slip to Superintendent George Patrick, Institutional Safety Manager Rob Reed ("Reed"), and Maintenance Department Worker J.D. Graughbach ("Graughbach"), complaining about the door and the sharp locking mechanism. Reed and Graughbach are two of the Defendants in this action, in addition to SCI-Houtzdale.[1]

Next, on March 15, 2004, Oliver alleges that he again entered the building through the north side door. He used his left hand to open the door and, once inside, he tried to slow the movement of the door by grabbing the recess handle located on the inside of the security door. During this maneuver Oliver's left index finger was sliced and was almost severed by the door latching mechanism. The Plaintiff showed his injury to Corrections Officer Spangle, who told him to report to the medical department. He was then treated by Physician's Assistant Stephanie Latterner. Oliver was given a Motrin tablet for pain and swelling and nine sutures were required to close the wound. The next day, on March 16, while having his dressing changed, the Plaintiff complained that he was unable to tolerate the prescribed pain medication. The following day he requested a stronger pain medication. On March 18, 2004, Oliver was placed on

---

1.  Because of the ultimate disposition of this case, the court will not discuss SCI-Houtzdale's defense based upon Eleventh Amendment immunity from suit. *See* Bey v. Pennsylvania Department of Corrections, 98 F. Supp.2d 650, 657 (E.D. Pa. 2000). *See also* Will v. Michigan, 491 U.S. 58, 71 (1989) (a state is not a person under Section 1983).

the institutional medical 'call-out' and was examined by Physician's Assistant Steve Burks. He complained that the pain was unbearable and that he was experiencing numbness in his left hand. Burks prescribed Naproxen and gave the Plaintiff a medical pass to receive the medication. On March 24, 2004, Oliver's stitches were removed.

Sometime thereafter, the Plaintiff requested to be examined by a doctor because he still experienced numbness in his hand and arm area. On April 5, 2004, he was again examined by Physician's Assistant Burke who informed Oliver that he had suffered nerve damage as a result of the accident and prescribed Salsalate for the numbness symptom. Once again, the Plaintiff requested to be examined by a doctor because the medication failed to resolve the numbness symptomatology. On April 12, 2004, Oliver was again examined by Burks and on that date was given a wrist splint and was told that he was suffering from arthritis.  After wearing the splint for four weeks, the Plaintiff's pain and numbness increased. On May 5, 2004, he was examined by a physician and, according to the Oliver, was informed that because of the seriousness of the injury, he would suffer permanent disfigurement and numbness.

**C. Liability under 42 U.S.C. § 1983**

The Plaintiff seeks to assert liability against the Defendants pursuant to Civil Rights Act. *See* 42 U.S.C. § 1983. To state a civil rights claim, a plaintiff must meet two threshold requirements. He or she must allege: 1) that the

alleged misconduct was committed by a person acting under color of state law; and 2) that as a result, he or she was deprived of rights, privileges, or immunities secured by the Constitution or laws of the United States. *See* West v. Atkins, 487 U.S. 42 (1988); Parratt v. Taylor, 451 U.S. 527, 535 (1981), *overruled in part on other grounds*, Daniels v. Williams, 474 U.S. 327, 330-331 (1986). The discussion which follows shows that Plaintiff has failed to state a constitutional violation with respect to the incident that occurred on March 15, 2004.

Oliver alleges that the Defendants violated his rights as protected by the Eighth Amendment by failing to protect him from a known danger, *e.g.*, the faulty locking mechanism on the education building door.[2] In order to set out a *prima facie* case which shows that a prison official's actions violate the Eighth Amendment's prohibition against cruel and unusual punishment, an inmate must establish two elements. First, a prisoner must show that the condition, either alone or in combination with other conditions, deprived him or her of "the minimal civilized measure of life's necessities," or at least a "single, identifiable human need." *See* Wilson v. Seiter, 501 U.S. 294, 304 (1991) (citing Rhodes v. Chapman, 452 U.S. 337, 347 (1981)). Second, an inmate must demonstrate deliberate indifference to prison conditions by institutional officials. *See* Farmer v. Brennan, 511 U.S. 825

---

2. Even if the court interprets the Plaintiff's claim as one based on the Defendants' deliberate indifference to his serious medical needs, he fares no better. *See* Farmer v. Brennan, 511 U.S. 825 (1994) (deliberate indifference entails something more than negligence).

(1994); <u>Wilson</u>, 501 U.S. at 297; <u>Rhodes</u>, 452 U.S. at 347. "[O]nly the unnecessary and wanton infliction of pain implicates the Eighth Amendment . . . . To violate the Cruel and Unusual Punishments Clause, a prison official must have a 'sufficiently culpable state of mind.'" *See* <u>Farmer</u>, 511 U.S. at 834 (quoting <u>Wilson</u>, 501 U.S. at 297). With respect to a claim based on a failure to prevent harm, a plaintiff must show that he or she is incarcerated "under conditions posing a substantial risk of serious harm." *See* <u>Farmer</u>, 511 U.S. at 834. With respect to the risk confronted by an inmate, the Supreme Court has set out the following test:

> It . . . requires a court to assess whether society considers the risk that the prisoner complains of to be so grave that it violates contemporary standards of decency to expose anyone unwillingly to such a risk. In other words, the prisoner must show that the risk of which he complains is not one that today's society chooses to tolerate.

*See* <u>Helling v. McKinney</u>, 509 U.S. 25, 36 (1993). Second, to implicate the Eighth Amendment, a plaintiff must demonstrate that the prison official had a sufficiently culpable state of mind - one that rises to the level of an unnecessary and wanton infliction of pain. *See* <u>Farmer</u>, 511 U.S. at 834. In a prison conditions claim, culpability is shown whenever a prison official's actions or inactions result in "deliberate indifference" to inmate health or safety. *See id.* at 837.

 Here, the Plaintiff's allegations concerning the accident itself, construed broadly, rise to no more than negligence. The

Supreme Court repeatedly has made it patently clear that negligence claims cannot support liability for a civil rights action based on Section 1983. *See, e.g.,* County of Sacramento v. Lewis, 523 U.S. 833 (1998) (motorcyclist's death that resulted from high-speed police chase was not actionable under 42 U.S.C. § 1983); Collins v. City of Harker Heights, Texas, 503 U.S. 115 (1992) (failure to provide safe work environment did not state a section 1983 claim); DeShaney v. Winnebago County Dept. of Social Services, 489 U.S. 189 (1989) (the state had no constitutional duty to protect a child against beatings by his father even though the state was aware of the father's abuse and had at one time taken custody of the child); Davidson v. Cannon, 474 U.S. 344, 348 (1986) (clarifying that lack of due care by prison officials does not state a claim under either the substantive or the procedural aspects of the Due Process Clause); Lunsford v. Bennett, 17 F.3d 1574, 1580 (7th Cir. 1994) (mere negligence does not satisfy the deliberate indifference standard; a plaintiff must demonstrate something approaching a total lack of concern for his or her welfare in the face of serious risks, or a conscious, culpable refusal to prevent harm) (internal quotation omitted). *See also e.g.,* Christopher v. Buss, 384 F.3d 879, 882 (7th Cir. 2004) (holding that, even if defendants knew about the allegedly hazardous field condition and purposefully ignored it, the plaintiff would not be entitled to relief as his allegations, at most, asserted negligence); Rocheleau v. Cumberland County Sheriff's Dept., 733 F. Supp. 140 (D. Me. 1990) (holding that

inmate's complaint that he sustained injuries when he tripped on open floor drain, hit a jail wall and broke his nose failed to state Section 1983 claim).

Because the Plaintiff has failed to state a constitutional violation, he has not stated a claim upon which relief may be granted.[3]

Finally, the Plaintiff's pending Motion to Amend his Complaint and Motion to Compel both should be denied. *See* Docs. 12, 13. In his Motion to Amend, the Plaintiff seeks merely to add the Institutional Facility Maintenance Manager and the Deputy Superintendent for Facilities Management as defendants. Adding these individuals, however, does not transform his action into one of constitutional significance. Thus, Oliver's Motion to Amend should be denied. Similarly, his Motion to Compel Documents should be denied because Oliver's claims do not support a constitutional violation.

### III. CONCLUSION

It is respectfully recommended that the Defendants' Motion to Dismiss Complaint be granted and that the Plaintiff's Motion for Leave to Amend Complaint and Motion to Compel Production of Documents be denied.

In accordance with the Magistrate's Act, 28 U.S.C. § 636 (b)(1)(B) and (C), and Rule 72.1.4 (B) of the Local Rules for

---

3.  To the extent that the Plaintiff's Complaint can be read to allege a state law claim based on negligence, the court should decline to exercise its supplemental jurisdiction. *See* Borough of West Mifflin v. Lancaster, 45 F.3d 780, 788 (3d Cir. 1995).

Magistrates, objections to this Report and Recommendation are due by October 10, 2005. Responses to objections are due by October 20, 2005.

```
                         s/Francis X. Caiazza
                         Francis X. Caiazza
                         United States Magistrate Judge
```

Dated: September 23, 2005

```
cc:   Kim R. Gibson
      United States District Judge

      Rufus Oliver, III, EA-4811
      SCI-Houtzdale
      P.O. Box 1000
      Houtzdale, PA 16698-1000

      Scott A. Bradley, Senior Deputy Attorney General
      Office of the Attorney General
      Manor Complex, 6th Floor
      564 Forbes Avenue
      Pittsburgh, PA  15219
```